# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| KAMIKA SALISBURY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. |
| | ) |
| CATHOLIC CHARITIES | ) |
| OF NORTHEAST KANSAS d/b/a | ) |
| ARCHDIOCESE OF KANSAS CITY | ) |
| IN KANSAS d/b/a SANTA MARTA | ) |
| Serve Registered Agent: | ) |
| Catholic Community Services, Inc., | ) |
| 2220 Central Avenue, | ) |
| Kansas City, Kansas 66102 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Kamika Salisbury, by and through the undersigned counsel of record, and for her Complaint against the above-named Defendant Catholic Charities of Northeast Kansas d/b/a Archdiocese of Kansas City in Kansas d/b/a Santa Marta states as follows:

## NATURE OF THE ACTION

1. This is an action for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq*. Defendant unlawfully discriminated against plaintiff Kamika Salisbury in the terms and conditions of her employment on the basis of her race and retaliated against her for reporting complaints of racial discrimination.

## PARTIES

2. Plaintiff is and was at all times relevant to the allegations contained herein a Kansas resident and employee of Defendant.

3. Defendant Catholic Charities of Northeast Kansas d/b/a Archdiocese of Kansas City in Kansas d/b/a Santa Marta (hereinafter "Santa Marta") is and was at all times relevant to the allegations contained herein, a Kansas entity and Plaintiff's employer. Defendant can be served through its registered agent, Catholic Community Services, Inc., 2220 Central Avenue, Kansas City, Kansas 66102.

## JURISDICTION AND VENUE

4. Original federal question jurisdiction over this suit is conferred on this Court by 28 U.S.C §§ 1331 as it is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e *et seq.*

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in and around Johnson County, Kansas, and Plaintiff suffered the unlawful employment practices and the resultant damages in Johnson County, Kansas.

6. All conditions precedent to jurisdiction have occurred or been complied with, in that Plaintiff filed her administrative charge in a timely manner with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge is attached hereto as Exhibit A.

7. The EEOC issued Plaintiff a Notice of Right to Sue and this lawsuit if filed within ninety (90) days of issuance. A copy of the Right to Sue is attached as Exhibit B.

## FACTUAL ALLEGATIONS

8. Plaintiff Kamika Salisbury began her employment with Defendant at Santa Marta in August of 2017 as a Head Cook and is still employed there.

9. Plaintiff is an African-American female.

10. During Plaintiff's employment with Defendant, African-American employees were not treated equally to Caucasian employees.

11. Defendant's African-American employees were grouped together and assumed to be friends outside of work, including Plaintiff, even though she was not friends with her African-American co-workers outside of her employment.

12. Defendant's Executive Chef at Santa Marta, Mike, did not look African-American employees in the eyes when talking to them, including Plaintiff, but would look Caucasian employees in the eyes when speaking.

13. Defendant's Dining Manager at Santa Marta, Ms. Amy Sellmeyer, frequently made discriminatory comments about African-Americans, including Plaintiff, regarding how black people are all violent, associated with guns, involved in crime, and only eat black-people food.

14. Ms. Sellmeyer often spilled food in the kitchen at Santa Marta and did not make Caucasian employees clean it up, but instead made the African-American employees, such as Plaintiff.

15. Defendant permits pay raises based on seniority and length of time employed, however, when it was time for Plaintiff to receive her pay raise, she was not given her raise on time while her Caucasian co-workers received their raises timely.

16. Another African-American employee went to Defendant's Human Resources ("HR") and asked why she was not given a raise. Defendant's HR told her that her name was not on the list of employees who got raises even though she had been employed at Santa Marta for the requisite amount of time.

17. Plaintiff did not receive her pay raise until at least 4 months after she should have.

18. Plaintiff was also promised full-time employment with benefits and a possible raise within 90 days of when she started at Santa Marta, but she never received either.

19. Plaintiff complained to HR and her hours at Santa Marta were reduced.

20. About six months after Plaintiff was hired, Defendant's Food and Beverage Director, Mark Sutton, told a Caucasian employee that she could try out a new job elsewhere and he would give her job at Santa Marta back to her if she did not prefer the new employment position. Meanwhile, Plaintiff was still not a full-time employee six months after her hire when she was promised full-time employment with benefits.

21. In May of 2018, another African-American employee filed a grievance with HR and was called into HR with Defendant's Executive Chef and Dining Manager.

22. Upon information and belief, the constant workplace harassment and discrimination was denied by Defendant's Executive Chef and Dining Manager with them further claiming that they had not *even* called any black people the "N" word.

23. At all times relevant herein, the above-named individuals were agents, servants and employees of Defendant and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized and ratified by Defendant. Therefore, Defendant Santa Marta is liable for the actions of said persons and/or perpetrators under all theories pled herein.

## COUNT I:
## RACE DISCRIMINATION – TITLE VII

24. Plaintiff reasserts the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25. Defendant treated Caucasian employees more favorably than African-American employees.

26. Defendant discriminated against Plaintiff in the terms and conditions of her employment.

27.     Defendant's conduct constitutes intentional discrimination on the basis of race, with malice and disregard of Plaintiff's rights.

28.     Defendant's conduct constitutes disparate treatment and intentional discrimination of Plaintiff based on race.

29.     As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.

30.     The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

31.     Plaintiff is entitled to recover all of her costs, expenses, expert witness fees and attorneys' fees incurred in this matter as well as other appropriate, including equitable, relief.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, compensatory and punitive damages, all costs, expenses and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as this Court deems just and proper.

## COUNT II:
## RETALIATION – TITLE VII

32.     Plaintiff reasserts the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiff engaged in protected activity by reporting and opposing conduct made unlawful by Title VII as described above, including complaining of race discrimination and harassment to which she and other African-American employees were being subjected.

34. Plaintiff suffered adverse employment action in that she was did not receive her timely pay raise and further, had her working hours cut upon her complaint.

35. Plaintiff suffered adverse employment action in that she was constructively discharged from employment after she complained about racial discrimination and harassment.

36. As a result of and in retaliation for engaging in the protected activities described above, Plaintiff was subjected to adverse employment actions.

37. In retaliation for Plaintiff's protected activities, Plaintiff did not receive her timely pay raise and further, had her working hours cut upon her complaint.

38. There is a causal connection between Plaintiff's exercise of protected activity and Defendant's retaliatory conduct.

39. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.

40. The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

41. Plaintiff is entitled to recover all of her costs, expenses, and attorneys' fees incurred in this matter as well as other appropriate, including equitable relief.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury.

Respectfully submitted,

**LAUREN ALLEN, LLC**

By: */s/ Lauren Perkins Allen*
Lauren Perkins Allen, KS Bar# 20116
2345 Grand Blvd., Suite 1600
Kansas City, Missouri 64108
Telephone: 816.877.8120
Facsimile: 816.817.1120
Email: lpa@laurenallenllc.com
**ATTORNEY FOR PLAINTIFF**

**Plaintiff designates the place of trial as Kansas City, Kansas.**